IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>SCOTT T. TRAN,<br><br>                Defendant. | 4:15-CR-3037<br><br>AMENDED PRELIMINARY<br>ORDER OF FORFEITURE |

    This matter is before the Court on the plaintiff's Amended Motion for Preliminary Order of Forfeiture (filing 82) and Motion for Amended Preliminary Order of Forfeiture (filing 88). The Court will grant the plaintiff's motions. The Court's previous Preliminary Order of Forfeiture (filing 83) is set aside, and this amended order replaces it.

    Count 1 of the superseding indictment in this case (filing 43) charged the defendant with health care fraud, in violation of 18 U.S.C. § 1347. The superseding indictment contained a forfeiture allegation seeking the forfeiture, pursuant to 18 U.S.C. § 982(a)(7), of:

1.    $448,860.37 restrained on April 1, 2015, from Wells Fargo Bank, Account No. 8302036762, in the name of Tran Pharmacy Inc., d/b/a Pharmacy Specialty Services;

2.    $341,217.60 restrained on April 1, 2015, from Wells Fargo Bank, Account No. 2274281779, in the name of Tran Pharmacy Inc.;

3.    $103,300.14 restrained on April 1, 2015, from U.S. Bank, Account No. 250881583307, in the name of Scott Tran;

4.    $57,887.07 restrained on April 1, 2015, from U.S. Bank, Account No. 150872081743, in the name of Scott Tran;

5.    $408,615.02 restrained on April 1, 2015, from First National Bank, Omaha, Account No. 20137556320, in the name of Scott and Judith Tran;

6. $359,556.92 restrained on April 1, 2015, from First National Bank, Omaha, Account No. 61595758, in the name of Scott and Judith Tran;

7. Approximately $29,841.99 restrained on April 1, 2015, from TD Ameritrade, Account No. 772-271083, in the name of Scott Tran (this is a Roth IRA account and the balance will fluctuate);

8. Approximately $32,853.88 balance in the account on April 1, 2015, from First National Bank, Omaha, Account No. 20268714020, in the name of Judy Tran and ZT (whose name is known to the grand jury);

9. Approximately $79,143.96 balance in the account on April 1, 2015, from First National Bank, Omaha, Account No. 20219506920, in the name of Judy Tran and CT (whose name is known to the grand jury);

10. Approximately $113,160.43 balance in the account on April 9, 2015, from First National Bank, Omaha, Account No. 20205730120, in the name of Judy Tran and NT (whose name is known to the grand jury);

11. Real property, consisting of a house and lot at West Shores Lot 109, Block 0 Irreg., locally known as 604 S. 249th Circle, Waterloo, Douglas County, Nebraska;

12. A vehicle, to wit: a 2012 Infiniti, Model QX56, VIN JN8AZ2NE8C9016672;

13. A boat, to wit: a 2013 Mastercraft, VIN MBC3UFU9C313;

14. A boat trailer with VIN 19MSB2216D2F50032;

15. A sum of money equal to the total amount involved in the federal health care offense, including but not limited to $14,430,059.17.

Filing 43 at 6-7. The superseding indictment also sought the forfeiture of substitute property, pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(p), if the above-listed property could not be recovered. Filing 43 at 8.

The defendant has pled guilty to the superseding indictment and admitted the forfeiture allegation. Filings 65 and 70. In addition, in the plea agreement, the defendant agreed to forfeiture of the following specific items:

16. A house located at 1725 N. 169th St., Omaha, Nebraska;

17. $253.44 from TD Ameritrade account # 160-600003;

18. $35,000.00 from US Bank account # 151705973221;

19. $52,984.34 from US Bank account # 250881570833;

20. $4,250.00 from US Bank account # 150873905916;

21. $4,565.50 from First National Bank, Omaha account # 20062734820;

22. $400.90 from First National Bank, Omaha account # 20089867220;

23. $16,000.00 from TD Ameritrade account # XXX-0038;

24. $3,483.77 from Pacific Life account # VR07062428;

25. $1,078.29 from Pacific Life account # VR07071734;

26. $25,000.00 cash located in Safe Deposit Box 93903 at First National Bank, Omaha;

27. All future receipts consisting of repayments on two loans made to Integrated Rehab, LLC, in December 2012 (original loan in the amount of $100,000) and October 2014 (original loan in the amount of $150,000);

28. Pharmacy Specialty Services/Tran Pharmacy, Inc. (the Pharmacy), 2655 South 70th Street, Lincoln, Nebraska and all assets related thereto including real and personal property, inventory, customer lists, goodwill, accounts receivable, and/or the proceeds of the sale of the pharmacy.

Filings 65 at 5 and 65-1.

By virtue of pleading guilty to the charge, admitting the forfeiture allegation, and entering into the plea agreement, the defendant has forfeited his interest in the property.

An agreement has since been reached between the parties and the defendant's wife, Judy Tran, regarding her interest in some of the above-listed properties. Specifically, Judy Tran will be permitted to retain:

1. A house located at 1725 N. 169th St., Omaha, Nebraska;

2. $52,984.34 from US Bank account # 250881570833;

3. $4,250.00 from US Bank account # 150873905916;

4. $4,565.50 from First National Bank, Omaha account # 20062734820;

5. $400.90 from First National Bank, Omaha account # 20089867220;

6. $16,000.00 from TD Ameritrade account # XXX-0038; and

7. $1,078.29 from Pacific Life account # VR07071734.

Those properties shall not be seized, and the plaintiff has disclaimed any interest in those properties. In addition, the plaintiff has informed the Court that it does not intend to pursue the forfeiture of Pharmacy Specialty Services/Tran Pharmacy, Inc. (the Pharmacy), 2655 South 70th Street, Lincoln, Nebraska and all assets related thereto including real and personal property, inventory, customer lists, goodwill, accounts receivable, and/or the proceeds of the sale of the pharmacy.

The plaintiff should be entitled to possession of the remaining listed properties pursuant to 18 U.S.C. § 982(a)(7). Therefore, as modified by the above-described agreement, the plaintiff's Amended Motion for Preliminary Order of Forfeiture will be granted.

IT IS ORDERED:

1. The plaintiff's Amended Motion for Preliminary Order of Forfeiture (filing 82) is granted.

2. The plaintiff's Motion for Amended Preliminary Order of Forfeiture (filing 88) is granted.

3. The Court's previous Preliminary Order of Forfeiture (filing 83) is set aside, and this amended order replaces it.

4. Based upon the defendant's guilty plea and admission of the forfeiture allegation of the superseding indictment, the plaintiff is authorized to seize:

   a. $448,860.37 restrained on April 1, 2015, from Wells Fargo Bank, Account No. 8302036762, in the name of Tran Pharmacy Inc., d/b/a Pharmacy Specialty Services;

   b. $341,217.60 restrained on April 1, 2015, from Wells Fargo Bank, Account No. 2274281779, in the name of Tran Pharmacy Inc.;

   c. $103,300.14 restrained on April 1, 2015, from U.S. Bank, Account No. 250881583307, in the name of Scott Tran;

   d. $57,887.07 restrained on April 1, 2015, from U.S. Bank, Account No. 150872081743, in the name of Scott Tran;

   e. $408,615.02 restrained on April 1, 2015, from First National Bank, Omaha, Account No. 20137556320, in the name of Scott and Judith Tran;

   f. $359,556.92 restrained on April 1, 2015, from First National Bank, Omaha, Account No. 61595758, in the name of Scott and Judith Tran;

   g. Approximately $29,841.99 restrained on April 1, 2015, from TD Ameritrade, Account No. 772-271083, in the name of Scott Tran (this is a ROTH IRA account and the balance will fluctuate);

   h. Approximately $32,853.88 balance in the account on April 1, 2015, from First National Bank, Omaha, Account No. 20268714020, in the name of Judy Tran and ZT (whose name is known to the grand jury);

   i. Approximately $79,143.96 balance in the account on April 1, 2015, from First National Bank, Omaha, Account No. 20219506920, in the name of Judy Tran and CT (whose name is known to the grand jury);

j. Approximately $113,160.43 balance in the account on April 9, 2015, from First National Bank, Omaha, Account No. 20205730120, in the name of Judy Tran and NT (whose name is known to the grand jury);

k. Real property, consisting of a house and lot at West Shores Lot 109, Block 0 Irreg., locally known as 604 S. 249th Circle, Waterloo, Douglas County, Nebraska;

l. A vehicle, to wit: a 2012 Infiniti, Model QX56, VIN JN8AZ2NE8C9016672;

m. A boat, to wit: a 2013 Mastercraft, VIN MBC3UFU9C313;

n. A boat trailer with VIN 19MSB2216D2F50032;

o. $253.44 from TD Ameritrade account # 160-600003;

p. $35,000.00 from US Bank account # 151705973221;

q. $3,483.77 from Pacific Life account # VR07062428;

r. $25,000.00 cash located in Safe Deposit Box 93903 at First National Bank, Omaha;

s. All future receipts consisting of repayments on two loans made to Integrated Rehab, LLC, in December 2012 (original loan in the amount of $100,000) and October 2014 (original loan in the amount of $150,000); and

t. A sum of money equal to the total amount involved in the federal health care offense, including but not limited to $14,430,059.17.

5. The defendant's interest in the property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n).

6. The property is to be held by the plaintiff in its secure custody and control.

7. Pursuant to Supp. Admiralty and Maritime Claims R. G(4)(a)(iii)(B), the plaintiff shall publish for at least 30 consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

8. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

9. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

10. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

11. The plaintiff's Motion for Preliminary Order of Forfeiture (filing 80) is denied as moot.

Dated this 13th day of January, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge