IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SCOTT T. TRAN,<br><br>　　　　　　Defendant. | 4:15-CR-3037<br><br>ORDER |

　　　　This matter is before the Court on defendant Scott Tran's motion for compassionate release (filing 165) pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits a defendant (after exhausting administrative remedies) to move for reduction of a term of imprisonment based upon "extraordinary and compelling reasons." After careful consideration, the Court will grant Tran's compassionate release based upon 18 U.S.C. § 3553(a), Tran's preexisting medical condition, and the risk presented by the COVID-19 pandemic.

　　　　Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.[1]

---

[1] As the Court has previously explained, however, that guideline has not been amended in

Tran has exhausted his administrative remedies. The plain language of § 3582(c)(1)(A) permits a prisoner to move the Court for compassionate release after "either (1) the defendant has fully exhausted all administrative rights to appeal or (2) the lapse of 30 days from the receipt of such a request by the warden," and "the statute doesn't say that the second option evaporates if the warden happens to deny the prisoner's request before 30 days is up." *Jenkins*, 2020 WL 2814437, at \*2. Tran has provided the Court with a copy of a letter sent by counsel to the Warden of his institution more than 30 days before the filing of his motion for compassionate release, asking the Warden for relief pursuant to § 3582. Filing 165-1. The Court recognizes that the government has not been able to *verify* that letter, *see* filing 172 at 4-5, but neither has the government rebutted Tran's showing. Accordingly, the Court finds that Tran has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A).

Tran argues for compassionate release primarily based on a stroke he suffered in November 2019—both the direct consequences of the stroke, and the increased risk of severe COVID-19 disease he faces as a result. But the parties disagree about the severity of those circumstances. Tran argues that he is limited in his ability to provide self-care and hasn't been provided with the therapy he needs for his impaired motor function. *See* filing 165 at 4. The government disputes that, noting instances in the record in which Tran seems capable of ambulation. Filing 172 at 7-8.

This case is challenging because it straddles the boundary between two different lines of authority. In several cases, the Court has considered whether

---

response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i). *United States v. Jenkins*, No. 4:15-cr-3079, 2020 WL 2814437, at \*3 (D. Neb. May 26, 2020).

a movant's preexisting comorbidities for severe COVID-19 disease warrant release from imprisonment to some less restrictive alternative. *E.g. United States v. Burke*, No. 4:17-cr-3089, 2020 WL 3000330 (D. Neb. June 4, 2020). In others, the Court has considered whether a defendant's medical condition substantially diminishes his ability to provide self-care within a prison environment within the meaning of § 1B1.13, cmt. n.1(A)(ii). *E.g. United States v. Jenkins*, No. 4:15-cr-3079 (D. Neb. Aug. 8, 2019), *appeal dismissed*, No. 19-3368 (8th Cir. Nov. 19, 2019). This case does not fit neatly into either category—but "extraordinary" circumstances, by definition, need not fit neatly into existing precedent.

The Court's decision to grant Tran's motion is based on three broad factors. The first is that there is clinical data to suggest that Tran is at increased risk of severe COVID-19 disease based on his history of stroke. *E.g.*, Lijuan Zhang et al., *Clinical Course and Mortality of Stroke Patients With Coronavirus Disease 2019 in Wuhan, China*, 51 Stroke 2674-82 (July 31, 2020), https://bit.ly/3j5B9Jn; Chuan Qin et al., *Clinical Characteristics and Outcomes of COVID-19 Patients With a History of Stroke in Wuhan, China*, 51 Stroke 2219-23 (May 29, 2020), https://bit.ly/3rafNNz. Tran's preexisting kidney disease is also a serious concern, given the acute kidney damage observed in cases of severe COVID-19 disease, and the effect that preexisting kidney disease has on COVID-19 outcomes. *E.g.*, M. Gasparini et al., *Renal impairment and its impact on clinical outcomes in patients who are critically ill with COVID-19: a multicentre observational study*, Anaesthesia (Oct. 16, 2020), https://bit.ly/3tgnBzo; Jennifer E. Flythe et al., *Characteristics and Outcomes of Individuals With Pre-existing Kidney Disease and COVID-19 Admitted to Intensive Care Units in the United States*, 77 Am. J. of Kidney Diseases 190-203 (Sep. 19, 2020), https://bit.ly/3tgo6cK; Hua Su et al., *Renal histopathological analysis of 26 postmortem findings of patients with COVID-*

*19 in China*, 98 Kidney International 219-27 (Apr, 09, 2020), https://bit.ly/2YByWvC.

The second factor important to the Court is that Tran is plainly suffering from a serious physical or medical condition that has affected his ability to function. The government points to instances reflected in prison medical records in which Tran was apparently still able to walk short distances and get up and down "without any apparent difficulty." Filing 175 at 16. But the record also shows that he walks slowly and with the assistance of a walker or wheelchair, and that he had to get permission to wear soft shoes because regular boots were too heavy for him to walk in. Filing 175 at 5-6, 10. The government also notes a February 21, 2020 medical appointment at which the examining doctor observed only marginally less strength on Tran's left side compared to his right. *See* filing 166 at 4-5. But the same examination found ataxia and fine motor dexterity issues, as well as other signs of motor dysfunction. *See* filing 166 at 4-5. In sum, the Court is not convinced that the instances pointed out by the government are inconsistent, on balance, with Tran's description of his medical condition. And more fundamentally, no one disputes that Tran had a serious stroke—disagreements about the severity of his disability are to some extent eliding the basic fact that *he had a stroke*.

Finally, the Court finds that the § 3553(a) factors—particularly the need for the sentence to provide Tran with correctional treatment "in the most effective manner," *see* § 3553(a)(2)(D)—counsel in favor of a different sentence at this point. Tran's evidence suggests that he needs physical and occupational therapy that he cannot obtain in prison. *See* filing 165-5 at 3-4. And while Tran is not scheduled for release until September 2023, he has served well over half of his 110-month sentence for an offense that, while certainly serious, was completely non-violent and motivated by a gambling addiction that the Court

is convinced Tran has recognized and addressed—and must continue to address, under the special conditions of his supervised release. *See* filing 89; filing 95 at 4. Nor will Tran again be in the position of trust that he abused. His criminal history score was zero, and he presents no threat to society.

All of those considerations convince the Court that, on balance, Tran's circumstances are "extraordinary and compelling" enough to warrant a modified sentence. Accordingly, the Court will reduce Tran's sentence to a term of time served, and as part of the amended judgment will require as a special condition of supervised release that Tran spend 9 months in home confinement, under the Court's terms and conditions, unless earlier discharge from that provision is recommended by probation and approved by the Court.

IT IS ORDERED:

1. Tran's motion for compassionate release (filing 165) is granted.

2. Tran's sentence is reduced to time served.

3. As a special condition of supervised release, Tran will spend 9 months in home confinement, unless earlier discharge is recommended by the Office of Probation and Pretrial Services and approved by the Court.

4. An amended judgment will be entered.

Dated this 2nd day of February, 2021.

- 6 -

BY THE COURT:

_John M. Gerrard_

John M. Gerrard
Chief United States District Judge